UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| TP Remainco, LLC, *et al.*, | ) | Case No. 20-11049 (LSS) |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| Wayne Walker as Trustee of the Liquidating Trust of TP Remainco, LLC, *et al*, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proc. No. 22-50111 (LSS) |
| | ) | |
| v. | ) | |
| | ) | |
| Life Insurance Company of North America, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT

### NATURE OF THE CASE

1. Life Insurance Company of North America ("Defendant") is without sufficient knowledge or information to admit or deny what Plaintiff seeks, or what Plaintiff intends. By way of further response, Defendant objects to Plaintiff's purported reservation of rights, and hereby affirmatively asserts that all such rights have been waived.

### JURISDICTION AND VENUE

2. The allegations of this paragraph states a legal conclusion to which no response is required.

3. The allegations of this paragraph states a legal conclusion to which no response is required.

4. Defendant admits that this is a core proceeding. By way of further response, Defendant consents to the entry of a final order by this Court if it is determined that the

Bankruptcy Judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

5. The allegation of this paragraph states a legal conclusion to which no response is required.

**THE PARTIES**

6. Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph. By way of further response, Defendant demands strict proof of these allegations at trial. Otherwise, denied.

7. Defendant is without sufficient knowledge or information to admit or deny the allegation of this paragraph.

8. Admitted that Defendant is an entity. Otherwise, denied.

**BACKGROUND**

9. Admitted upon information and belief.

10. Admitted upon information and belief.

11. The allegations of this paragraph are subject to further investigation and discovery. By way of further response, Defendant demands strict proof of these allegations at trial.

12. Admitted upon information and belief.

13. Defendant is without sufficient knowledge or information to admit or deny the allegation of this paragraph.

14. Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph.

15. Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph.

16. Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph.

17. Defendant is without sufficient knowledge or information to admit or deny what, if any, due diligence evaluation was completed by Plaintiff, or what Plaintiff seeks.

18. Defendant is without sufficient knowledge or information to admit or deny what Plaintiff has determined. By way of further response, Defendant demands strict proof of these allegations at trial. Otherwise, denied.

19. Defendant is without sufficient knowledge or information to admit or deny what Plaintiff may learn, or what Plaintiff intends. Defendant expressly objects to any purported reservation of rights to seek the recovery of transfers not identified in the Complaint, and hereby affirmatively asserts that any rights relating thereto have been waived. Denied that any amendments will relate back to the Complaint.

20. Defendant is without sufficient knowledge or information to admit or deny what Plaintiff acknowledges.

## **CLAIMS FOR RELIEF**

### COUNT I
### (Avoidance of Preference Period Transfers – 11 U.S.C. § 547)

21. Defendant hereby repeats and incorporates each and every response stated above as if set forth at length herein.

22. The allegation of this paragraph is subject to further investigation and discovery. By way of further response, Defendant demands strict proof of this allegation at trial.

23. To the extent that the allegations of this paragraph state legal conclusions, no response is required. To the extent that the allegations of this paragraph are factual, those allegations are subject to further investigation and discovery. By way of further response, Defendant demands strict proof of the allegations at trial. Otherwise, denied.

24. To the extent that the allegations of this paragraph state legal conclusions, no response is required. To the extent that the allegations of this paragraph are factual, those allegations are subject to further investigation and discovery. By way of further response, Defendant demands strict proof of the allegations at trial. Otherwise, denied.

25. The allegations of this paragraph state legal conclusions to which no, no response is required. By way of further response, Defendant demands strict proof of the allegations at trial. Otherwise, denied.

26. The allegations of this paragraph state legal conclusions, no response is required. By way of further response, Defendant demands strict proof of the allegations at trial. Otherwise, denied.

27. To the extent that the allegations of this paragraph state legal conclusions, no response is required. To the extent that the allegations of this paragraph are factual, those allegations are subject to further investigation and discovery. By way of further response, Defendant demands strict proof of the allegations at trial. Otherwise, denied.

28. The allegation of this paragraph is subject to further investigation and discovery. By way of further response, Defendant demands strict proof of this allegation at trial.

29. The allegations of this paragraph are subject to further investigation and discovery. By way of further response, Defendant demands strict proof of these allegations at trial. Otherwise, denied.

30. Denied.

## COUNT II
### (Avoidance of Fraudulent Conveyances -- 11 U.S.C. § 548(a)(1)(B))

31. Defendant hereby repeats and incorporates each and every response stated above as if set forth at length herein.

32. Denied.

33. Denied.

## COUNT III
### (Recovery of Avoided Transfers -- 11 U.S.C. § 550)

34. Defendant hereby repeats and incorporates each and every response stated above as if set forth at length herein.

35. Denied.

36. The allegation of this paragraph is subject to further investigation and discovery. By way of further response, Defendant demands strict proof of this allegation at trial. Otherwise, denied.

37. Denied.

## COUNT IV
### (Disallowance of all Claims -- 11 U.S.C. § 02(d))

38. Defendant hereby repeats and incorporates each and every response stated above as if set forth at length herein.

39. The allegation of this paragraph states a legal conclusion, no response is required.

40. To the extent that the allegations of this paragraph state legal conclusions, no response is required. To the extent that the allegations of this paragraph are factual, those allegations are subject to further investigation and discovery. By way of further response, Defendant demands strict proof of the allegations at trial. Otherwise, denied.

41. Admitted that Defendant has not paid the amount of the alleged Transfers. Denied that Defendant has any liability for the alleged Transfers. By way of further response, Defendant demands strict proof of this allegation at trial. Otherwise, denied.

42. Denied.

43. Denied.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The alleged transfers are unavoidable under 11 U.S.C. § 547(c).

### THIRD AFFIRMATIVE DEFENSE

To the extent transfers were made to Defendant during the preference period, any and all such transfers were made in payment of a debt incurred by Debtors in the ordinary course of business or financial affairs of Debtor and Defendant, and such payments were (i) made in the ordinary course of business or financial affairs of Debtor and Defendant; or were (ii) made according to ordinary business terms. Consequently, such transfers may not be avoided by virtue of 11 U.S.C. § 547(c)(2).

### FOURTH AFFIRMATIVE DEFENSE

To the extent transfers were made to Defendant during the preference period, Defendant extended new value to or for the benefit of Debtor after the subject transfers which was (i) not secured by an otherwise unavoidable security interest; and (ii) on account of which new value Debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendant. This new value is as an offset to any preferential payment received by Defendant by virtue of 11 U.S.C. § 547(c)(4).

## FIFTH AFFIRMATIVE DEFENSE

To the extent transfers were made to Defendant during the preference period, such transfers were intended by Debtor and Defendant to be contemporaneous exchanges for new value given to Debtor, and were, in fact, substantially contemporaneous exchanges. Consequently, such transfers may not be avoided by virtue of 11 U.S.C. § 547(c)(1).

## SIXTH AFFIRMATIVE DEFENSE

To the extent that value was provided by Defendant to Debtor during the preference period subsequent to any transfer to Defendant, such value constitutes new value under 11 U.S.C. § 547(c)(4), whether or not such value was compensated by Debtor. Consequently, all such value should be taken into account as an offset in determining whether any of the alleged transfers may be avoided in whole or in part.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that transfers were made to Defendant during the preference period, such transfers did not enable Defendant to receive more than Defendant would receive if (i) this were a case under Chapter 7 of the Bankruptcy Code; (ii) the transfer had not been made; and (iii) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that transfers were made to the Defendant during the preference period, such transfers or a portion thereof constituted payments made by eligible employees on their own behalf and on behalf of eligible dependents, and payments by COBRA participants, and are,

therefore, not property of the estate under 11 U.S.C. § 541(b)(7).

### NINTH AFFIRMATIVE DEFENSE

To the extent transfers were made to Defendant during the preference period, but for the alleged transfers, Defendant would have held, and been paid on account of, priority claims under 11 U.S.C. § 507(a).

### TENTH AFFIRMATIVE DEFENSE

To the extent transfers were made to Defendant during the preference period, the alleged transfers were not transfers of an interest of the Debtors.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of equitable estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of collateral estoppel.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that a recovery by the Plaintiffs in this adversary proceeding would not directly benefit unsecured creditors of the Debtors' estates, Plaintiff's claims cannot be maintained or allowed.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional affirmative defenses as discovery progresses and the facts are ascertained to support such affirmative defenses.

WHEREFORE, Defendant respectfully requests that all relief requested in the Complaint be denied, that the Complaint be dismissed with prejudice, and that this Court grant such other and further relief to Defendant as it deems just and equitable.

Dated: March 7, 2022  CONNOLLY GALLAGHER LLP

/s/ Jeffrey C. Wisler
Jeffrey C. Wisler (DE #2795)
1201 N. Market Street, 20th Floor
Wilmington, DE 19801
Phone: (302) 757-7300
Fax:    (302) 658-0380

#05658462  Counsel for Life Insurance Company of North America